## KNAPP et al. v. DUGAN et al.
### No. 4865.

Court of Appeals of District of Columbia.
Submitted Feb. 5, 1930.
Decided March 3, 1930.

Bruce L. Casteel and Thomas O. King, both of Washington, D. C., for appellants.

Tench T. Marye, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

Appeal from a judgment for damages in trespass.

It appears that some years ago the owner of a certain city lot in Washington erected thereon a continuous row of brick residences, four in number, having a frame porch extending the entire front of the buildings, with columns marking the division lines between contiguous residences. The appellant Mrs. Knapp became the owner of one of the end buildings of the row, and the appellees, Leo T. Dugan and Nellie Dugan, acquired the building next to it. The respective parties occupied these as their residences. A time came when Mrs. Knapp complained that the porch in front of appellees' property was in bad repair, and caused the water to leak through into her part of the porch, to its great injury. She requested appellees to repair their porch, but they declined to do so. Thereupon Mrs. Knapp employed a carpenter to sever her porch from that of appellees, by sawing the two apart and bringing the end of her porch about eight inches from the partition line. This work was begun accordingly.

The appellees as plaintiffs then filed a bill of complaint in the lower court praying for an injunction to prevent further proceedings, also for a mandatory order requiring that the porches should be restored to their original condition, and for general relief.

The defendant answered the bill with an allegation that her action was made necessary by the disrepair of appellees' porch, and was the only way to protect her own property from injury.

A temporary injunction was entered in the case as prayed by the plaintiffs, but afterwards this was dissolved on condition that the defendant should furnish an undertaking with sureties in the sum of $250, conditioned for the payment of such damages as might be incurred or suffered by the plaintiffs, in case it should be found upon final hearing that the plaintiffs had been injured by wrongful acts of the defendant in the repairing, remodeling, or rebuilding of the porches in question. Such an undertaking was duly furnished by the defendant, and the temporary restraining order was accordingly dissolved.

The cause was afterwards heard upon evidence, and the court found against the defendant in the sum of $125 as and for the damages suffered by the plaintiffs by reason of the wrongful acts of the defendant in repairing and remodeling the front porch of the premises. The present appeal was taken from this decree.

The testimony heard by the lower court is set out in the record. It is conflicting, nevertheless we think it sufficient to sustain the decree. Among other things, it is in evidence that appellant's workman had cut the front railing of appellees' porch off eight and a half inches and had moved the boundary column back that far on the porch; that the roof of their porch has pulled away from the wall of the house from one inch to one and a half inches and the front has also pulled away, though not quite so badly as the roof; that the workman boxed in the roof and covered the side with tin running up above the roof of the porch about one inch so as to keep the water from running over the end, but the tin is not sufficiently high to accomplish this in a hard rain, when the water pours over the side and runs down between the porches; that the water falling on the roof goes through into what is called the box, between the ceiling and the roof of the porch, causing it to leak all over the floor; that the water going down between the porches has caused appellees' porch to sink by washing the earth from the foundations; that the

porch was not properly supported underneath, causing it to sag and pull away from the wall at the top and bottom; that the water cannot run toward the drain pipe as the porch is tipped toward appellant's side and has broken away from the drain pipe; that this condition had not existed before the separation of the porches; that it would cost $175 to put appellees' porch back in good shape.

It is clear that appellant assumed to separate her part of the porch from that of the appellees without injury to appellees' property. The bond filed by appellant by permission of the court was given to indemnify the appellees if injury should result to their property from the operation. The testimony is sufficient to sustain the finding of the lower court that injury to the extent of $125 actually resulted therefrom, such as was within the terms of the bond.

The decree appealed from is accordingly affirmed, with costs.